AB:NJM

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| HOWARD CAMPBELL, | (18 U.S.C. § 924(c) and 21 U.S.C. § 841) |
| Defendant. | Case No. 18-MJ-736 (JO) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

DEBRA LAWSON, being duly sworn, deposes and states that she is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

On or about August 3, 2018, within the Eastern District of New York, the defendant HOWARD CAMPBELL did knowingly and intentionally possess with intent to distribute one or more controlled substances, which offense involved the distribution of a substance containing 28 grams or more of a mixture or substance containing a detectable amount of cocaine base.

(Title 21, United States Code, Section 841)

On or about August 3, 2018, within the Eastern District of New York, the defendant HOWARD CAMPBELL did knowingly and intentionally use and carry a firearm during and in relation to one or more drug trafficking crimes, to wit: one or more violations of Title 21, United States Code, Section 841, and did knowingly and intentionally possess such firearm in furtherance of said drug trafficking crimes.

(Title 18, United States Code, Section 924(c))

The source of your deponent's information and the grounds for her belief are as follows:[1]

1. I am a Detective with the NYPD and have been involved in the investigation of numerous cases involving firearms and narcotics offenses. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation.

2. On or about August 3, 2018, at approximately 10:00 p.m., three NYPD officers ("Officer-1," "Officer-2" and "Officer-3") were in a marked police car. As the car made a right turn at the intersection of Perry Place and Herkimer Place, Officer-1, who was driving, and Officer-2, who was seated in the front passenger seat, observed, on the left of the car, what they believed to be a hand-to-hand drug transaction. Specifically, they saw one individual, later identified as the defendant HOWARD CAMPBELL, appear to pass an unidentified substance to another individual ("Individual-1") in a manner consistent with people engaging in drug transactions.

3. Officer-1 turned on the car's flashing lights and drove to the area of the transaction. Individual-1 approached the police car and held his palms out towards the officers; he was holding an object that appeared to be a crack pipe.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

4. Officer-1 approached the defendant HOWARD CAMPBELL while other officers secured the scene. Officer-1 asked CAMPBELL to stop and observed bulges in the cargo pockets of CAMPBELL's pants. Officer-1 specifically observed a large bag that appeared to contain marijuana sticking out of one of CAMPBELL's pockets.

5. Officer-1 placed the defendant HOWARD CAMPBELL in handcuffs and searched his pockets, recovering substances that were consistent in appearance with crack cocaine rocks, 13 glassine envelopes containing a substance consistent in appearance with crack cocaine, and a substance consistent in appearance marijuana, as well as multiple razorblades and a scale.

6. In my training and experience, I know that items such as razorblades and scales are frequently used by drug dealers to measure and parse specific amounts of drugs for each transaction.

7. Officer-2 arrested the defendant HOWARD CAMPBELL, and the officers drove back to the police station with CAMPBELL and his property in the car. During the drive back, CAMPBELL asked, in sum and substance, whether the officers had received a tip and whether CAMPBELL had been "set up."

8. When the officers arrived at the station, Officer-1 and Officer-3 placed the defendant HOWARD CAMPBELL in a cell and searched his person. When Officer-1 frisked CAMPBELL between his legs, he felt something unusual; CAMPBELL abruptly removed from between his legs a large bag containing a substance that was consistent in appearance with crack cocaine. Officer-1 removed an additional 88 glassine envelopes from within CAMPBELL's boxer shorts; those envelopes all contained a substance that was

consistent in appearance with crack cocaine. Officer-1 and Officer-3 moved CAMPBELL to a different cell.

9. The defendant HOWARD CAMPBELL asked Officer-2 to arrange for one of CAMPBELL's associates to pick up some of his belongings, including some jewelry and cellular telephones, which were located in a backpack that Officer-3 had recovered from the vicinity of CAMPBELL's arrest.

10. Upon conducting an inventory search of the backpack, Officer-2 found a .357-caliber Smith & Wesson revolver and ammunition, in addition to over $700 in cash.

11. In my training and experience, I know that drug dealers frequently carry firearms because narcotics trafficking is dangerous and drug dealers are frequent targets of robberies and attempted robberies. I believe that CAMPBELL possessed a firearm for protection because of his drug dealing activities.

WHEREFORE, your deponent respectfully requests that the defendant HOWARD CAMPBELL, be dealt with according to law.

_____
DEBRA LAWSON
Detective, New York City Police Department

Sworn to before me this
9th day of August, 2018

S/ Pamela Chen
_____
THE HONORABLE PAMELA K. CHEN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK